[Crim. No. 1815. Second Appellate District, Division One.—June 24, 1929.]

In the Matter of the Application of JOHN I. MONTAGUE for a Writ of Habeas Corpus.

Wm. Christensen and J. H. O'Neill for Petitioner.

Buron Fitts, District Attorney, and Tracy Chapman Becker, Deputy District Attorney, for Respondent.

CONREY, P. J.—By section 112 of the California Vehicle Act (Stats. 1923, p. 517 [amended Stats. 1927, p. 1436]), penalties are imposed upon persons violating the provisions of said section. These penalties include either fine or imprisonment, within certain stated limits. It is further provided: "and upon every verdict of 'guilty' under this section, the jury shall recommend the punishment and the court in imposing sentence shall have no authority to impose a sentence greater than that recommended by the jury." Section 1203 of the Penal Code contains an elaborate series of provisions of law relating to admission of convicted persons to probation. It is provided that the court may suspend the imposing of sentence, and (among other things), in the order granting probation, and as a condition thereof, "may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case."

In the present proceeding it appears that the petitioner Montague was tried upon a charge of violation of section 112 of the California Vehicle Act, and that the jury, as a part of its verdict of guilty, fixed the penalty as imprisonment in the county jail for a period of ninety days. Thereafter on the twenty-first day of January, 1929, the court granted probation, and ordered "that proceedings herein be suspended and the defendant granted probation for a period of five years under the following conditions: the first year of said probation period, defendant shall serve at the county road camp. . . . " Under this probation order the defendant remained in the county road camp until the 20th of February, when he escaped, but was arrested on the following day, and has since remained in the custody of the sheriff. In the meantime, he was prosecuted and convicted of the crime of escape, on which conviction he was admitted to probation, without any order of imprisonment. In this

proceeding the writ of *habeas corpus* was issued on the twenty-fifth day of April, 1929.

It is manifest that at the time of the issuance of the writ the defendant had been in custody for the full period of ninety days under the probation order, unless the district attorney is correct in his contention that the time during which defendant was in custody under the additional charge arising out of his escape, should not be counted as a part of the period of confinement under the probation order. But at all events the defendant now has been in custody for more than ninety days under the probation order, and we think this matter can properly be determined solely upon one question; that is to say, whether or not, in view of the terms of the statutes to which we have referred, the Superior Court in its probation order, had jurisdiction to subject the defendant to a term of imprisonment beyond the ninety-day period fixed by the jury. It is pointed out by the district attorney that the limitation upon the authority of the court in the language of section 112 of the said Vehicle Act, is stated as a limitation of the court's authority "in imposing sentence." It is also true that the authority given the court in section 1203 of the Penal Code, to impose imprisonment in the county jail for a limited term in connection with granting probation, is part of a proceeding in which the court "may suspend the imposing, or the execution of the sentence." The power to admit to probation may be exercised upon application of the defendant, or of the people, or upon its own motion. Taking all of these statutory provisions together, it is manifest that where the court in granting probation, orders the imprisonment of a defendant in the county jail, such imprisonment is involuntary on the part of the defendant, just as much as if he were held in custody under direct judgment of imprisonment. It is our opinion that the legislature in enacting section 112 of said Vehicle Act, intended that when the jury, in a case coming under that section, recommends a definite limit of imprisonment, the court shall thereby be left without authority to imprison the defendant for a longer period of time, either by direct judgment of sentence, or under the guise of a probation order. In other words, we think that the phrase "authority to impose a sentence," in section 112, includes not only the

technical judgment, which is the usual form of sentence but also includes a sentence contained in a probation order.

The petitioner is discharged from custody.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 1, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 22, 1929.

All the Justices present concurred.